Eric Amdursky (*pro hac vice pending*)
Damali A. Taylor (*pro hac vice pending*)
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
eamdursky@omm.com
dtaylor@omm.com

Leah S. Freed, SBN 021332
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: (602) 778-3700
Facsimile: (602) 778-3750
Leah.freed@ogletree.com

Attorneys for Defendants
Sports & Entertainment Services, L.L.C.
and Suns Legacy Partners, L.L.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Gene Traylor, | Case No. 25-cv-01629-PHX-SPL |
| Plaintiff, | **SPORTS & ENTERTAINMENT SERVICES, L.L.C.'S AND SUNS LEGACY PARTNERS, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| Sports & Entertainment Services, L.L.C. and Suns Legacy Partners, L.L.C., | |
| Defendants. | |

Sports & Entertainment Services, L.L.C. ("SES") and Suns Legacy Partners, L.L.C. ("SLP" and together with SES, the "Defendants"), by and through the undersigned counsel, hereby answer Plaintiff Gene Traylor's ("Plaintiff") Complaint (Doc. 1) (the "Complaint").

- 1 -    DEFENDANTS' ANSWER TO COMPLAINT

Except as expressly admitted below, Defendants deny each and every allegation asserted against them in the Complaint and further deny any liability to Plaintiff. Defendants have not yet concluded their investigation in this matter. Nor have the parties completed discovery. Accordingly, Defendants reserve the right to amend, modify, or supplement this Answer, and to plead or assert additional defenses—the existence of which are not presently known to Defendants and which may be revealed through clarification of the Complaint, further analysis of Plaintiff's claims, or other proceedings in this litigation.

Furthermore, Plaintiff's Complaint contains allegations which are false, harassing, redundant, immaterial, impertinent, and/or scandalous. Under Rule 12(f)(1) of the Federal Rules of Civil Procedure, the Court may, *sua sponte*, strike such allegations from the Complaint. Fed. R. Civ. P. 12(f)(1). Defendants also reserve the right to seek appropriate sanctions and relief from the Court regarding such allegations, including under Rule 11 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(c).

1.      To the extent that the allegations in Paragraph 1 of the Complaint consist of argument, state conclusions of law, and/or constitute a characterization of the case, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1, except admit that this case involves purported claims under Section 1981, Title VII, the Family Medical Leave Act, and the Americans with Disabilities Act.

2.      To the extent that the allegations in Paragraph 2 of the Complaint consist of argument, state conclusions of law, and/or constitute a characterization of the case, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3.      To the extent that the allegations in Paragraph 3 of the Complaint consist of argument, state conclusions of law, and/or constitute a characterization of the case, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

DEFENDANTS' ANSWER TO COMPLAINT

4.      To the extent that the allegations in Paragraph 4 of the Complaint consist of argument, state conclusions of law, and/or constitute a characterization of the case, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 4, except admit that SES is an Arizona limited liability company.

5.      To the extent that the allegations in Paragraph 5 of the Complaint consist of argument, state conclusions of law, and/or constitute a characterization of the case, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 5, except admit that SES is an Arizona limited liability company, SLP is a Delaware limited liability company, and Defendants conduct business in Maricopa County, Arizona.

6.      To the extent that the allegations in Paragraph 6 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 6.

7.      To the extent that the allegations in Paragraph 7 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 7, and specifically deny that Plaintiff is entitled to the relief requested.

8.      To the extent that the allegations in Paragraph 8 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 8, except admit that Defendants received notice that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before filing the Complaint.

DEFENDANTS' ANSWER TO COMPLAINT

9.     To the extent that the allegations in Paragraph 9 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10.    To the extent that the allegations in Paragraph 10 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.    To the extent that the allegations in Paragraph 11 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.    To the extent that the allegations in Paragraph 12 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny for lack of information or knowledge the allegations in Paragraph 12.

13.    To the extent that the allegations in Paragraph 13 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13, except admit that, on January 23, 2023, Plaintiff began employment with SES as the Director of Safety, reporting to Vanessa Ward, Vice President of Event Services.

14.    To the extent that the allegations in Paragraph 14 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain

to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. To the extent that the allegations in Paragraph 15 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. To the extent that the allegations in Paragraph 16 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. To the extent that the allegations in Paragraph 17 of the Complaint consist of argument, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 18.

19. To the extent that the allegations in Paragraph 19 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19, and specifically deny for lack of information or knowledge the allegations regarding what "Plaintiff reasonably believed."

20. To the extent that the allegations in Paragraph 20 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. To the extent that the allegations in Paragraph 21 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain

to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 21.

22. To the extent that the allegations in Paragraph 22 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22, except admit that Plaintiff met with Josh Bartelstein and Kim Corbitt in or around 2023.

23. To the extent that the allegations in Paragraph 22 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

24. To the extent that the allegations in Paragraph 24 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25. To the extent that the allegations in Paragraph 25 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25.

26. To the extent that the allegations in Paragraph 26 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26, except admit that the Phoenix Suns and Phoenix Mercury have long supported the non-profit organization, Native American Basketball Invitational.

27.    To the extent that the allegations in Paragraph 27 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27, except admit that, at all times relevant to this litigation, it was publicly reported and widely known that Ralph Marchetta and GinaMarie Scarpa were married.

28.    To the extent that the allegations in Paragraph 28 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.    To the extent that the allegations in Paragraph 29 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29.

30.    To the extent that the allegations in Paragraph 30 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31.    To the extent that the allegations in Paragraph 31 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 31, except admit that Plaintiff spoke to Josh Bartelstein on or around October 1, 2024.

32.    To the extent that the allegations in Paragraph 32 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is

1    required, Defendants deny the allegations in Paragraph 32, except admit that Plaintiff spoke

2    to Josh Bartelstein on or around October 1, 2024.

3        33.    To the extent that the allegations in Paragraph 33 of the Complaint consist of

4    argument, state conclusions of law, constitute a characterization of the case, and/or pertain

5    to parties other than Defendants, no response is required.  To the extent a response is

6    required, Defendants deny the allegations in Paragraph 33.

7        34.    To the extent that the allegations in Paragraph 34 of the Complaint consist of

8    argument, state conclusions of law, constitute a characterization of the case, and/or pertain

9    to parties other than Defendants, no response is required.  To the extent a response is

10   required, Defendants deny the allegations in Paragraph 34, except admit that Plaintiff met

11   with Josh Bartelstein on or around October 10, 2024 and expressed his opinion of Cornelius

12   Craig.

13       35.    To the extent that the allegations in Paragraph 35 of the Complaint consist of

14   argument, state conclusions of law, constitute a characterization of the case, and/or pertain

15   to parties other than Defendants, no response is required.  To the extent a response is

16   required, Defendants deny the allegations in Paragraph 35, except admit that Plaintiff met

17   with Josh Bartelstein on or around October 10, 2024 and expressed his opinion of Cornelius

18   Craig.

19       36.    To the extent that the allegations in Paragraph 36 of the Complaint consist of

20   argument, state conclusions of law, constitute a characterization of the case, and/or pertain

21   to parties other than Defendants, no response is required.  To the extent a response is

22   required, Defendants deny the allegations in Paragraph 36.

23       37.    To the extent that the allegations in Paragraph 37 of the Complaint consist of

24   argument, state conclusions of law, constitute a characterization of the case, and/or pertain

25   to parties other than Defendants, no response is required.  To the extent a response is

26   required, Defendants deny the allegations in Paragraph 37.

27

28                                      - 8 -      DEFENDANTS' ANSWER TO COMPLAINT

38.     To the extent that the allegations in Paragraph 38 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     To the extent that the allegations in Paragraph 39 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 39.

40.     To the extent that the allegations in Paragraph 40 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41.     To the extent that the allegations in Paragraph 41 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     To the extent that the allegations in Paragraph 42 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 42, except admit that Plaintiff underwent a performance review in or around February 2024 (the "February 2024 Review").

43.     To the extent that the allegations in Paragraph 43 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is

1    required, Defendants deny the allegations in Paragraph 43, except admit that Plaintiff had

2    significant job-performance issues that were reflected in his February 2024 Review.

3         44.    To the extent that the allegations in Paragraph 44 of the Complaint consist of

4    argument, state conclusions of law, constitute a characterization of the case, and/or pertain

5    to parties other than Defendants, no response is required.  To the extent a response is

6    required, Defendants deny the allegations in Paragraph 44.

7         45.    Defendants object to Paragraph 45 of the Complaint because Defendants

8    reasonably believe, and on that basis allege, that Plaintiff and/or counsel improperly

9    disclosed confidential information relating to arena security.  Further, to the extent that the

10   allegations in Paragraph 45 of the Complaint consist of argument, state conclusions of law,

11   constitute a characterization of the case, and/or pertain to parties other than Defendants, no

12   response is required.  Without waiving any of their objections or rights, and to the extent a

13   response is required, Defendants deny the allegations in Paragraph 45, except admit that a

14   security field test was performed in December 2023.

15        46.    Defendants object to Paragraph 46 of the Complaint because Defendants

16   reasonably believe, and on that basis allege, that Plaintiff and/or counsel improperly

17   disclosed confidential information relating to arena security.  Further, to the extent that the

18   allegations in Paragraph 46 of the Complaint consist of argument, state conclusions of law,

19   constitute a characterization of the case, and/or pertain to parties other than Defendants, no

20   response is required.  Without waiving any of their objections or rights, and to the extent a

21   response is required, Defendants deny the allegations in Paragraph 46, except admit that a

22   security field test was performed in December 2023.

23        47.    To the extent that the allegations in Paragraph 47 of the Complaint consist of

24   argument, state conclusions of law, constitute a characterization of the case, and/or pertain

25   to parties other than Defendants, no response is required.  To the extent a response is

26   required, Defendants deny the allegations in Paragraph 47.

27

28
                                        - 10 -    DEFENDANTS' ANSWER TO COMPLAINT

48.    Defendants object to Paragraph 48 of the Complaint because Defendants reasonably believe, and on that basis allege, that Plaintiff and/or counsel improperly disclosed confidential information relating to arena security.  Further, to the extent that the allegations in Paragraph 48 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  Without waiving any of their objections or rights, and to the extent a response is required, Defendants deny the allegations in Paragraph 48, except admit that a security field test was performed in February 2025.

49.    To the extent that the allegations in Paragraph 49 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 49, except admit that Vanessa Ward is Vice President of Event Services, Kim Corbitt is Executive Vice President, Chief Operations Officer, and Cornelius Craig is Vice President of Security & Risk Management.

50.    To the extent that the allegations in Paragraph 50 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51.    To the extent that the allegations in Paragraph 51 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52.    To the extent that the allegations in Paragraph 52 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 52.

53.     To the extent that the allegations in Paragraph 53 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     Defendants admit that the incomplete and out-of-context statements quoted in Paragraph 54 of the Complaint appeared in a February 2023 news article published by the Associated Press.

55.     To the extent that the allegations in Paragraph 55 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 55.

56.     To the extent that the allegations in Paragraph 56 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 56, except admit that Josh Bartelstein was named as Chief Executive Officer of the Phoenix Suns, Phoenix Mercury, and Phoenix Arena in April 2023.

57.     To the extent that the allegations in Paragraph 57 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 57.

58.     To the extent that the allegations in Paragraph 58 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 58.

59.   To the extent that the allegations in Paragraph 59 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 59, except admit that Vanessa Ward expressed dissatisfaction with Plaintiff's job performance.

60.   To the extent that the allegations in Paragraph 60 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.   To the extent that the allegations in Paragraph 61 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 61, except admit that Plaintiff spoke to Josh Bartelstein and expressed his opinion of Cornelius Craig.

62.   To the extent that the allegations in Paragraph 62 of the Complaint consist of argument and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63.   To the extent that the allegations in Paragraph 63 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.   To the extent that the allegations in Paragraph 64 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 64.

DEFENDANTS' ANSWER TO COMPLAINT

65.    To the extent that the allegations in Paragraph 65 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.    To the extent that the allegations in Paragraph 66 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 66.

67.    To the extent that the allegations in Paragraph 67 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 67.

68.    To the extent that the allegations in Paragraph 68 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69.    To the extent that the allegations in Paragraph 69 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 69, except admit that Kim Corbitt is Black, is Executive Vice President, Chief Operations Officer, and played a role in the decision to hire Cornelius Craig.

70.    To the extent that the allegations in Paragraph 70 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71.     To the extent that the allegations in Paragraph 71 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 71, except admit that Vanessa Ward is Vice President of Event Services and Kim Corbitt is Executive Vice President, Chief Operations Officer.

72.     To the extent that the allegations in Paragraph 72 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73.     To the extent that the allegations in Paragraph 73 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74.     To the extent that the allegations in Paragraph 74 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75.     To the extent that the allegations in Paragraph 75 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     To the extent that the allegations in Paragraph 76 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77.    Defendants respond to Paragraph 77 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 76 as if fully set forth herein.

78.    To the extent that the allegations in Paragraph 78 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 78, except admit that Plaintiff has indicated that he is Black.

79.    To the extent that the allegations in Paragraph 79 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 79, except admit that, on January 23, 2023, Plaintiff began employment with SES as the Director of Safety.

80.    To the extent that the allegations in Paragraph 80 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 80.

81.    To the extent that the allegations in Paragraph 81 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 81.

82.    To the extent that the allegations in Paragraph 82 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 82.

DEFENDANTS' ANSWER TO COMPLAINT

83.    To the extent that the allegations in Paragraph 83 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84.    To the extent that the allegations in Paragraph 84 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.    To the extent that the allegations in Paragraph 85 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.    To the extent that the allegations in Paragraph 86 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.    To the extent that the allegations in Paragraph 87 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87, and specifically deny that Plaintiff is entitled to the relief requested.

88.    To the extent that the allegations in Paragraph 88 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 88, and specifically deny that Plaintiff is entitled to the relief requested.

89.     Defendants respond to Paragraph 89 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 88 as if fully set forth herein.

90.     To the extent that the allegations in Paragraph 90 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.     To the extent that the allegations in Paragraph 91 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 91, except admit that Plaintiff has indicated that he is a Black male and has been employed by SES since January 23, 2023.

92.     To the extent that the allegations in Paragraph 92 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 92, except admit that, on January 23, 2023, Plaintiff began employment with SES as the Director of Safety.

93.     To the extent that the allegations in Paragraph 93 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.     To the extent that the allegations in Paragraph 94 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.   To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.    To the extent that the allegations in Paragraph 95 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.

96.    To the extent that the allegations in Paragraph 96 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 96, except admit that Cornelius Craig is a Black male.

97.    To the extent that the allegations in Paragraph 97 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98.    To the extent that the allegations in Paragraph 98 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99.    To the extent that the allegations in Paragraph 99 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 99.

100.    To the extent that the allegations in Paragraph 100 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 100, and specifically deny that Plaintiff suffered any of the purported harm or damages alleged in Paragraph 100.

101.    To the extent that the allegations in Paragraph 101 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101, and specifically deny that Plaintiff is entitled to the relief requested.

102.    Defendants respond to Paragraph 102 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 101 as if fully set forth herein.

103.    To the extent that the allegations in Paragraph 103 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.    To the extent that the allegations in Paragraph 104 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 104, except admit that Plaintiff began employment with SES as the Director of Safety on January 23, 2023, SES is a covered employer under the FMLA, and Plaintiff purports to have been eligible for leave under the FMLA.

105.    To the extent that the allegations in Paragraph 105 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.    To the extent that the allegations in Paragraph 106 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response

is required, Defendants deny the allegations in Paragraph 106, and specifically deny for lack of information or knowledge the allegations regarding Plaintiff's diagnosis, treatment, and mental health challenges.

107.    To the extent that the allegations in Paragraph 107 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 107.

108.    To the extent that the allegations in Paragraph 108 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108.

109.    To the extent that the allegations in Paragraph 109 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 109.

110.    Defendants respond to Paragraph 110 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 109 as if fully set forth herein.

111.    To the extent that the allegations in Paragraph 111 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

112.    To the extent that the allegations in Paragraph 112 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112, and specifically deny for

lack of information or knowledge the allegations regarding Plaintiff's diagnosis, treatment, and health challenges.

113.    To the extent that the allegations in Paragraph 113 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 113, and specifically deny for lack of information or knowledge the allegations regarding Plaintiff's diagnosis, treatment, and mental health challenges.

114.    To the extent that the allegations in Paragraph 114 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114.

115.    To the extent that the allegations in Paragraph 115 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115.

116.    To the extent that the allegations in Paragraph 116 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116.

117.    Defendants respond to Paragraph 117 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 116 as if fully set forth herein.

118.    To the extent that the allegations in Paragraph 118 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response

- 22 -        DEFENDANTS' ANSWER TO COMPLAINT

is required, Defendants deny the allegations in Paragraph 118, except admit that Defendants are aware that Plaintiff filed charges of discrimination with the EEOC and ACRD.

119.    To the extent that the allegations in Paragraph 119 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

120.    To the extent that the allegations in Paragraph 120 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    To the extent that the allegations in Paragraph 121 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121, and specifically deny that Plaintiff is entitled to the relief requested.

122.    Defendants respond to Paragraph 122 of the Complaint by restating and reincorporating by reference their responses to each and every allegation in Paragraphs 1 through 121 as if fully set forth herein.

123.    To the extent that the allegations in Paragraph 123 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123.

124.    To the extent that the allegations in Paragraph 124 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response

1    is required, Defendants deny the allegations in Paragraph 124, and specifically deny that

2    Plaintiff suffered any of the purported harm or damages alleged in Paragraph 124.

3         125.    Defendants respond to Paragraph 125 of the Complaint by restating and

4    reincorporating by reference their responses to each and every allegation in Paragraphs 1

5    through 124 as if fully set forth herein.

6         126.    To the extent that the allegations in Paragraph 126 of the Complaint consist

7    of argument, state conclusions of law, constitute a characterization of the case, and/or

8    pertain to parties other than Defendants, no response is required.  To the extent a response

9    is required, Defendants deny the allegations in Paragraph 126.

10        127.    To the extent that the allegations in Paragraph 127 of the Complaint consist

11   of argument, state conclusions of law, constitute a characterization of the case, and/or

12   pertain to parties other than Defendants, no response is required.  To the extent a response

13   is required, Defendants deny the allegations in Paragraph 127, and specifically deny that

14   Plaintiff suffered any of the purported harm or damages alleged in Paragraph 127.

15        128.    Defendants respond to Paragraph 128 of the Complaint by restating and

16   reincorporating by reference their responses to each and every allegation in Paragraphs 1

17   through 127 as if fully set forth herein.

18        129.    To the extent that the allegations in Paragraph 129 of the Complaint consist

19   of argument, state conclusions of law, constitute a characterization of the case, and/or

20   pertain to parties other than Defendants, no response is required.  To the extent a response

21   is required, Defendants deny the allegations in Paragraph 129.

22        130.    To the extent that the allegations in Paragraph 130 of the Complaint consist

23   of argument, state conclusions of law, constitute a characterization of the case, and/or

24   pertain to parties other than Defendants, no response is required.  To the extent a response

25   is required, Defendants deny the allegations in Paragraph 130.

26

27                                  - 24 -       DEFENDANTS' ANSWER TO COMPLAINT

28

131.    To the extent that the allegations in Paragraph 131 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131, and specifically deny that Plaintiff suffered any of the purported harm or damages alleged in Paragraph 131.

132.    To the extent that the allegations in Paragraph 132 of the Complaint consist of argument, state conclusions of law, constitute a characterization of the case, and/or pertain to parties other than Defendants, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132, and specifically deny that Plaintiff is entitled to the relief requested.

Defendants deny the allegations in Plaintiff's Prayer for Relief, and specifically deny that Plaintiff is entitled to any of the relief requested in the subparagraphs of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, Defendants hereby assert the following affirmative defenses.  By asserting these affirmative defenses, Defendants do not suggest or concede that they have the burden of proof, persuasion, or production on any particular defense or issue.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the ground that Defendants acted in good faith and on the basis of a good faith and reasonable belief that they complied fully with all applicable laws with respect to all actions taken concerning Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff has sustained no injury or damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff has failed to mitigate damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages for alleged physical, emotional, psychological or mental distress are barred, in whole or in part, because Plaintiff had a duty to mitigate any such damages by seeking physical, medical, psychological and/or psychiatric treatment and failed to do so.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred, in whole or in part, by the defense of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive or exemplary damages are barred, in whole or in part, on the grounds that they do not state facts sufficient to enable Plaintiff to recover punitive or exemplary damages.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendants' employees or agents, or any of them, committed the acts alleged in the Complaint, although that is not admitted and is expressly denied, those acts were committed outside the scope of their employment and not by or as agents of Defendants, and thus Defendants are not liable for those acts.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to exhaust any required administrative remedies.

- 26 -     DEFENDANTS' ANSWER TO COMPLAINT

1

**TENTH AFFIRMATIVE DEFENSE**

2       Plaintiff's claims are barred, in whole or in part, under the applicable statute of

3    limitations.

4

**ELEVENTH AFFIRMATIVE DEFENSE**

5       Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

6

**TWELFTH AFFIRMATIVE DEFENSE**

7       Plaintiff's claims barred by Plaintiff's own unclean hands and/or by estoppel to the

8    extent Plaintiff consented to and/or actively participated in the conduct which he now

9    alleges give rise to his claims.

10

**THIRTEENTH AFFIRMATIVE DEFENSE**

11

**(RESERVATION OF RIGHTS)**

12       Defendants believe that they may have additional defenses, which are not presently

13    known to Defendants and which may be revealed through clarification of the Complaint,

14    further analysis of Plaintiff's claims, or other proceedings in this litigation.  Defendants

15    reserve the right to amend, modify, or supplement this Answer to add and assert any

16    additional defenses when they are ascertained.

17       **WHEREFORE**, Defendants respectfully request that the Court grant the following

18    relief:

19       A.  That Plaintiff's Complaint and each cause of action be dismissed with prejudice;

20       B.  That Plaintiff's requests for damages, fees, costs, and other relief be denied in

21           their entirety and that Plaintiff takes nothing by way of the Complaint;

22       C.  That Defendants be awarded their costs, disbursements, and attorneys' fees

23           incurred in this case;

24       D.  That judgment be entered in Defendants' favor; and

25       E.  That the Court order such other and further relief for Defendants as the Court

26           deems just and proper.

27

28

- 27 -        DEFENDANTS' ANSWER TO COMPLAINT

1

DATED this 9th day of June, 2025

2

**O'MELVENY & MYERS LLP**

3

By: _/s/ Eric Amdursky_

4

Eric Amdursky (*pro hac vice pending*)
Damali A. Taylor (*pro hac vice pending*)

5

2765 Sand Hill Road
Menlo Park, CA 94025-7019

6

Telephone: (650) 473-2600
eamdursky@omm.com

7

dtaylor@omm.com

8

**OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.**

9

Leah S. Freed, SBN 021332

10

Esplanade Center III, Suite 800
2415 East Camelback Road

11

Phoenix, AZ 85016
Telephone: (602) 778-3700

12

Facsimile: (602) 778-3750
Leah.freed@ogletree.com

13

*Attorneys for Defendants*

14

*Sports & Entertainment Services, L.L.C.
and Suns Legacy Partners, L.L.C.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 28 -        DEFENDANTS' ANSWER TO COMPLAINT